**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2022**

JOSE LEONARDO MERINO-CASTRO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: May 3, 2016            Decided: May 31, 2016

Before NIEMEYER, DUNCAN, and FLOYD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Anna Aita, LAW OFFICES OF ANNA AITA, Glen Burnie, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Imran R. Zaidi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Leonardo Merino-Castro, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion for reconsideration. We dismiss the petition for review.

On June 9, 2015, the Board dismissed Merino-Castro's appeal from the immigration judge's (IJ) order finding him removable and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Merino-Castro filed a motion seeking reconsideration of the IJ's adverse credibility finding. The Board denied reconsideration, noting that it did not find that the IJ made an adverse credibility finding, but affirmed the IJ's decision that Merino-Castro did not meet his burden of proof.

Only the Board's denial of Merino-Castro's motion for reconsideration is properly before this court as he failed to timely petition for review of the Board's June 9, 2015 decision dismissing his appeal. Merino-Castro had 30 days from the date of this initial decision to timely file a petition for review. See 8 U.S.C. § 1252(b)(1) (2012). This time period is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). The filing of a motion to reopen or reconsider with the Board does not toll the 30-day period for seeking review of an

2

underlying decision.  Id. at 394.  Accordingly, our review is limited to the propriety of the Board's August 31, 2015 denial of Merino-Castro's motion for reconsideration.

The denial of a motion for reconsideration is reviewed for abuse of discretion.  8 C.F.R. § 1003.2(a) (2015); Urbina v. Holder, 745 F.3d 736, 741 (4th Cir. 2014).  A motion for reconsideration asserts that the Board made an error in its earlier decision.  The movant must specify the error of fact or law in the Board's prior decision.  See 8 C.F.R. § 1003.2(b)(1) (2015).  We will reverse a denial of a motion for reconsideration "only if the Board acted arbitrarily, irrationally, or contrary to law."  Urbina, 745 F.3d at 741 (internal quotation marks omitted).

The only issue Merino-Castro raised in his motion for reconsideration was a challenge to the Board's consideration of the IJ's adverse credibility finding.  Because Merino-Castro does not challenge the Board's resolution of that issue in his brief, review of that issue is waived.  Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(8)(A).  Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular

3

claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of relief under the CAT results in abandonment of that challenge).

We lack jurisdiction to review the issues Merino-Castro raises in his brief because he failed to exhaust his administrative remedies by raising these issues in his motion for reconsideration. See 8 U.S.C. § 1252(d)(1) (2012) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Kporlor v. Holder, 597 F.3d 222, 226 (4th Cir. 2010) ("It is well established that an alien must raise each argument to the [Board] before we have jurisdiction to consider it." (internal quotation marks omitted)).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED

4